## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

IberiaBank                                          Civil Action No. 6:14-02448

versus                                              Judge Rebecca F. Doherty

Broussard, et al                        Magistrate Judge Carol B. Whitehurst

### REPORT AND RECOMMENDATION

Before the Court, on referral from the district judge, is defendant, Darryl R. Broussard's, Motion To Dismiss  Unfair Competition And Trade Practices Claim of IberiaBank, [Rec. Doc. 56], Plaintiff IberiaBank's Opposition Memorandum [Rec. Doc. 68] and Broussard's Reply thereto [Rec. Doc.74]. For the reasons that follow, it is recommended that the motion to dismiss be denied.

### *Factual  Background*

IberiaBank, brings this action against Defendants, Darryl R. Broussard ("Broussard") and Brayton Peltier ("Peltier"), seeking monetary and injunctive relief based on Defendants alleged violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and state statutory and common law claims. *R. 1, 23*. At the time of IberiaBank's merger with Teche Holding Company ("Teche") on May 31, 2014 ("the Merger"), Broussard was the Senior Vice President and Chief Lending Officer of Teche.[1]  Prior to the Merger, on January 12, 2014, Broussard entered into an Employment Agreement with IberiaBank which provided that his employment would commence with the Merger. IberiaBank terminated Broussard on July 3, 2014. Peltier was a Vice President and Commercial Credit Analyst at Teche. On May 2, 2014,

---

[1] Broussard entered into a Change in Control and Severance Agreement ("CCSA") with Teche on September 30, 2013.

Peltier accepted a similar position with Jeff Davis Bank & Trust Company ("JD Bank"), a competitor of Teche and IberiaBank, and his employment with Teche terminated on May 31, 2014, at the time of the Merger.

IberiaBank alleges that while employed at Teche and during the Merger, Defendants accessed IberiaBank's and Teche's computers and databases without authorization in order to steal confidential and proprietary information via their electronic devices, and deleted various computer files. IberiaBank also alleges that Broussard provided the Chief Executive Officer of JD Bank with proprietary information (loan portfolios) via email to harm Teche/IberiaBank's business interests.

IberiaBank alleges Defendants' conduct violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 and Louisiana Revised Statute 14:73.7, *R. 23, Counts 1, 2,* and constituted Misappropriation of Trade Secrets, Breach of Contract of the CCSA, Breach of Contract of the Employment Agreement, Breach of Fiduciary Duties, Unfair Trade Practices, and Fraud, *Id., Counts 3–8.*

*The Parties' Contentions*

In its motion to dismiss, Broussard argues IberiaBank "is not accorded a cause of action under the Louisiana Unfair Trade Practices Act ("LUTPA") because section 1406 of the act states that the LUTPA does not apply to banks like IberiaBank. IberiaBank contends that the "exemption" under section 1406, exempts "federally insured financial institutions" such as IberiaBank from LUTPA claims being asserted *against* them, but does not prohibit such financial institutions from *seeking relief* under LUTPA.

2.

In his reply brief, Broussard raises a second argument that the LUTPA claims should be dismissed because IberiaBank has made "no showing of unlawful or improper conduct accompanying the employment change" necessary to overcome "Louisiana's strong and overriding public policy of free employment." IberiaBank maintains that while Broussard cannot raise a newly asserted claim in its reply memorandum, the factual allegations in its Complaint and Amended Complaint are sufficient to assert a plausible claim under LUTPA.

*Law and Analysis*

A. *Procedural Posture*

Broussard's motion was filed as a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. By the express language of the rule, however, a Rule 12(b)(6) motion "shall be made before pleading if a further pleading is permitted." Fed.R.Civ.P. 12(b)(6). Here, Broussard filed its answers to IberiaBank's Complaint on September 5, 2014 [Rec. Doc. 8] and to the Amended Complaint on September 22, 2014 [Rec. Doc. 12]. Broussard filed this motion to dismiss on October 21, 2015 [Doc. 56]. Therefore, Broussard's  motion to dismiss is untimely under Rule 12(b)(6).

The Fifth Circuit has held that a district court may treat an untimely Rule 12(b)(6) motion as a Rule 12(c) motion for  judgment on the pleadings based on failure to state a claim. *See PHI, Inc. v. Office & Professional Employees Intern. Union*, 624 F.Supp.2d 548, 551-52 (W.D.La.,2007) (citing *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999)). Thus, although the motion to dismiss was untimely

3.

filed, the Court will construe it as a motion for judgment on the pleadings under Rule 12(c). Regardless of how the motion is characterized, this distinction does not affect the court's legal analysis because the standards for motions under Rule 12(b)(6) and 12(c) are identical. *Jones*, 188 F.3d at 324.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). A motion brought pursuant to Rule 12(c) "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir.1990).

Courts evaluate a motion under Rule 12(c) for judgment on the pleadings using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir.2009). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts to " 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially  plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc*., 565 F.3d 228,

232–33 (5th Cir.2009). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

B. *LUPTA*

The LUTPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." La. R.S. § 51:1405. The act provides for a private cause of action by permitting any person who suffers ascertainable loss from a deceptive or unfair practice to bring an action for the recovery of actual damages. La. R.S. § 51:1409(A). *See, also, Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So.3d 1053, 1057 (La.2010). The word "person" is defined to include natural persons, partnerships, or corporations. La. R.S. § 51:1402(9).

LUTPA does not specifically state what constitutes an unfair or deceptive trade practice. Louisiana jurisprudence explains that a trade practice is unfair when it offends established public policy and is unethical, oppressive, unscrupulous, or substantially injurious. *Levine v. First Nat. Bank of Commerce*, 948 So.2d 1051, 1065–66 (La. 2006). A trade practice is deceptive when it amounts to fraud, deceit, or misrepresentation. *See, e.g., Southern General Agency, Inc. v. Burns & Wilcox, Ltd.*, 2012 WL 3987890 (W.D.La. 2012); *Bartholomew Investments–A, L.L.C. v. Margulis*, 20 So.3d 532, 538–39 (La.App. 4 Cir. 2009), and the cases cited therein. To prevail upon a LUTPA complaint, a plaintiff must prove "some element of fraud, misrepresentation, deception or other unethical conduct." *Omnitech Int'l, Inc. v. Clorox Co.*, 11 F.3d 1316, 1332 (5th Cir.1994).

*1. Whether IberiaBank Is Precluded From Filing a LUTPA Claim*

IberiaBank asserts that it is a "Louisiana state-chartered commercial corporation," and may therefore bring an action under La. R.S. 51:1409. Section 1409 concerns the right to bring LUTPA "Private Actions" and states in pertinent part:

> A. Any person who suffers any ascertainable loss of money or movable property, corporeal or incorporeal, as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by R.S. 51:1405, may bring an action individually but not in a representative capacity to recover actual damages.

LA R.S. 51:1409. Broussard does not dispute that IberiaBank qualifies as a "person" authorized to "bring an action" for damages under LUTPA. Rather, Broussard argues that La. R.S. 51:1406 "provides clearly and unambiguously" that the act does not apply to banks.

La. R.S. 51:1406 sets forth LUTPA's "Exemptions" and states:

The provisions of this Chapter shall not apply to:

> (1) Any federally insured financial institution, its subsidiaries, and affiliates or any licensee of the Office of Financial Institutions, its subsidiaries, and affiliates or actions or transactions subject to the jurisdiction of the Louisiana Public Service Commission or other public utility regulatory body, the commissioner of financial institutions, the insurance commissioner, the financial institutions and insurance regulators of other states, or federal banking regulators who possess authority to regulate unfair or deceptive trade practices.

LA R.S. 51:1406. Broussard argues that the aforesaid exemption acts to preclude IberiaBank, as well as any "federally insured financial institution," from bringing an action under LUTPA. Despite the fact that Broussard concedes there is no jurisprudence in support of this argument, he contends that "if the Louisiana Supreme Court

6.

had to consider the issue it would hold that a bank may not maintain a cause of action under the LUTPA."

In a diversity case such as this one, Louisiana law governs the substantive issues of law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). To determine state law, federal courts sitting in diversity look to the final decisions of the state's highest court. *Id.* "In the absence of a determinative decision by" the Louisiana Supreme Court, the Court must make an "Erie guess" and "employ Louisiana's civilian methodology in the same manner as would" that court. *Boyett v. Redland Ins. Co.*, 741 F.3d 604, 607 (5th Cir.2014). The Court first looks "to Louisiana's Constitution, its codes, and statutes." *Id.*

As neither the Louisiana Supreme Court, nor any Louisiana court, has considered whether La. R.S. 51:1406 precludes a financial institution such as IberiaBank from filing a claim under LUTPA, the Court turns to the text of the statute. On June 2, 2006, the Louisiana Legislature amended Section 1406(1) of LUTPA to exempt "[a]ny federally insured financial institution" and "any licensee of the Office of Financial Institutions." 2006 La. Acts, No. 171 § 1, eff. August 15, 2006. *R. 68-1*; *see Truong v. Bank of America, N.A.*, 717 F.3d 377, 386 (5th Cir. 2013).

In *Truong*, the Fifth Circuit examined the history of La. R.S. § 1406, and specifically, the context of the 2006 amendment. *Truong* at 385. The court stated, "[t]he 2006 LUTPA amendment obviously broadens the exemption's application" in that it "precludes LUTPA liability for various entities, including '[a]ny federally

7.

insured financial institution'" which is now fully "exempt from LUTPA claims under La.Rev.Stat. Ann. § 51:1406." *Id.* Thus, the Fifth Circuit focused on the fact that §1406's application was solely to exempt the designated entities from LUTPA liability.[2]

The 2006 amendments to LUTPA included not only §51:1406 but also several other sections, including §1409 which, as noted above, provides who may bring LUTPA actions. Through 2006 La. Acts, No. 218, the Legislature amended §1409 to make only stylistic changes. *R. 68-2.* If the Legislature had intended to remove the right of "federally insured financial institutions" to bring LUTPA claims, it would have amended §1409 to clarify that such financial institutions are prohibited from bringing LUTPA actions. Thus, based on the unambiguous language of LUPTA as well the 2006 amendments and contrary to Broussard, this Court predicts the Louisiana Supreme Court would conclude that LUTPA does not exclude "federally insured financial institutions" from bringing a LUTPA claim.

C. *Failure To Plead Unlawful/Improper Conduct*

Citing *Cheramie Services, Inc. v. Shell Deepwater Production, Inc.*, 35 So.3d 1053 (La.,2010), Broussard raises the argument in his Reply brief that "unfair trade practices claims cannot be maintained in the exercise of at-will employees' right to change employment." *Id.* at 1064-65. Broussard further argues that IberiaBank has failed to allege unlawful or improper conduct required to bring a LUTPA claim.

---

[2] The Court notes that Black's Law Dictionary defines "exemption" as the "[f]reedom from a duty, liability, or other requirement." Black's Law Dictionary (14c) (10th ed. 2014).

These arguments come too late. *See Truong v. Bank of America, N.A.*, 717 F.3d 377, 386 (5th Cir. 2013) (citing *Tex. Democratic Party v. Benkiser*, 459 F.3d 582, 594 (5th Cir.2006) (refusing to consider argument raised for the first time in a reply brief); *see also Lockett v. E.P.A.*, 319 F.3d 678, 684 n. 16 (5th Cir.2003) (viewing as waived issue raised for the first time in appellants' reply brief)). But even if the Court was to consider Broussard's new contentions, they are unavailing.

In *Cheramie*, the plaintiff, Cheramie Services' at-will employees voluntarily quit and went to work for the plaintiff's competitor. Cheramie Services sued the competitor-employer under LUTPA alleging that the competitor solicited and diverted the employees to deprive the plaintiff of its business. Upon considering the defendant's motion for summary judgment, the court held in order to recover under LUTPA a plaintiff must prove "some element of fraud, misrepresentation, deception, or other unethical conduct" on the part of the defendant.  Because Cheramie Services did not establish any such behavior on the part of the defendant, the court dismissed the LUTPA claim finding that the plaintiff had not met its evidentiary burden of proof. The court also noted that exercising rights under the "at-will" employment doctrine does not give rise to an unfair trade practice claim. *Id.* at 1060.

Broussard contends this case, like *Cheramie*, is nothing more than a new employer luring away IberiaBank's "at-will employees, which caused [IberiaBank] a loss of customers and business." *R. 74, p. 4. Cheramie*, however, is distinguishable from the instant matter. Most significantly, in this case the Court must apply the same standard as applies under Rule 12(b)(6), rather than under Rule 56 as in *Cheramie.*

9.

Also, in this case IberiaBank alleges that Broussard, while acting as a fiduciary of Teche and IberiaBank, "engaged in false, misleading, deceptive, and oppressive acts or practices" and "[w]hile owing various fiduciary duties and contractual obligations to Teche and IberiaBank, and fostering an impression that he was committed to ensuring a smooth transition for Teche's loan programs to IberiaBank ... was orchestrating a plan to gut the loan program of its most profitable loan officers and the customers they services—for his own personal gain and the gain of JD Bank...." *R. 23, ¶¶ 77, 78.*

The Louisiana Supreme Court "has consistently held that in establishing a LUTPA claim, a plaintiff must show that 'the alleged conduct offends established public policy and is immoral, unethical, oppressive, unscrupulous, or substantially injurious.' " *Quality Environmental Processes, Inc. v. I.P. Petroleum Co., Inc.*, 144 So.3d 1011, 1025 (La. 2014) (quoting *Cheramie Services, Inc. v. Shell Deepwater Prod.*, 35 So.3d 1053, 1059 (La. 2010)). Viewing the allegations in the Complaint and Amended Complaint in the light most favorable to IberiaBank, there are adequate factual allegations to support a plausible LUTPA claim in order to survive Broussard's Motion under Rule 12(b)(6) or Rule 12(c).

*Conclusion*

For the foregoing reasons, it is recommended that Broussard's Motion To Dismiss Unfair Competition And Trade Practices Claim of IberiaBank [Rec. Doc. 56] be *DENIED*.

10.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Thus done and signed December 15, 2015, at Lafayette, Louisiana.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE