RECEIVED

JAN - 5 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| IBERIABANK | CIVIL ACTION NO. 6:14-CV-2448 |
| v. | JUDGE DOHERTY |
| DARRYL R. BROUSSARD, ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Currently pending before the Court is a motion for partial summary judgment filed by plaintiff Iberiabank, whereby Iberiabank seeks dismissal of defendant Darryl Broussard's counterclaim for attorney's fees. [Doc. 59] For the following reasons, the motion is DENIED.

**I.    Factual and Procedural Background**

Iberiabank filed this suit against Darryl R. Broussard, alleging multiple claims arising from Mr. Broussard's actions during his employment with Iberiabank and its predecessor Teche Federal Bank ("Teche"). Generally the allegations by Iberiabank against Mr. Broussard are as follows: Iberiabank is the successor to Teche as a result of a May 31, 2014 merger of the two banks. Broussard served as the Senior Vice President and Chief Lending Officer of Teche from 1996 until the date of the merger. Following the merger, Broussard became an employee of Iberiabank. Soon after Broussard learned that Teche would be acquired by Iberiabank, he began actively breaching his fiduciary obligations by assisting Teche lending officers in their efforts to secure positions with competitor banks. As a result of Broussard's efforts, in May of 2014, certain Teche lending officers and Broussard accepted positions at JD Bank, a Teche and

Iberiabank competitor. Iberiabank alleges Broussard divulged Teche and Iberiabank's proprietary and confidential information to JD Bank, including individual bank officers' loan portfolio information. Iberiabank further alleges in May of 2014, Broussard accessed over 4,000 business files belonging to Teche and Iberiabank through Iberiabank and Teche's computers, and knowingly and deliberately deleted the files from Teche and Iberiabank's computer network. [Doc. Nos. 18, 23]

On July 3, 2014, Iberiabank terminated Broussard. The same day, Iberiabank made a demand for arbitration, asserting claims arising out of two contracts between Iberiabank and Broussard.[1] [Doc. 18, pp. 5-6] On August 7, 2014, Iberiabank filed suit in this Court for claims not subject to arbitration, as well as reasserting the majority of claims brought in arbitration.[2] [Doc. 43, p. 4] On August 8, 2014, Broussard filed suit in state court, seeking an order staying the arbitration and a declaration that the claims asserted in arbitration were not subject to arbitration. [Doc. 59-6, pp. 1, 5] On August 19, 2014, Broussard dismissed his state court suit. [Doc. 59-7] On February 3, 2015, Iberiabank and Broussard filed a joint motion to dismiss the arbitration proceeding, pursuant to an agreement between them to assert all claims in the suit pending before this Court. [Doc. 59-8]

---

[1] More specifically, Iberiabank asserted claims of breach of the "Change of Control Severance Agreement," breach of the "Employment Agreement," breach of statutory fiduciary duties, and fraud. [Doc. 59-5, pp. 8-11]

[2] With the exception of fraud, Iberiabank reasserted all claims originally brought in the arbitration proceeding. [Doc. 1, pp. 24-26] Iberiabank additionally brought claims of violation of the computer fraud and abuse act, 18 U.S.C. § 1030, violation of La. R.S. § 14:73.7 ("Computer Tampering"), conversion, and misappropriation of trade secrets. [Id. at 18-23]

Following multiple amendments and supplementations, the claims asserted against Mr. Broussard by Iberiabank pending before this Court are: (1) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030; (2) Violation of La. R.S. § 14:73.7 ("Computer Tampering"); (3) Misappropriation of Trade Secrets; (4) Material Breach of the Change In Control Severance Agreement ("CCSA"); (5) Material Breach of the Iberiabank Employment Agreement; (6) Breach of Fiduciary Duties; (7) Unfair Trade Practices; and (8) Fraud. [Doc. 23] The claims asserted against Iberiabank by Mr. Broussard are: (1) Breach of the Employment Agreement; (2) Attorney's Fees; and (3) Intentional Interference with Business Relations. [Doc. 43, pp. 4, 5, 10; *see also* Doc. 96]

Iberiabank now moves this Court to dismiss Broussard's counterclaim for attorney's fees. Broussard's counterclaim sets forth the following allegations in support of his claim for attorney's fees:

36.

Under a Change in Control and Severance Agreement, the benefit of which IBERIABANK has claimed in this proceeding, "[t]he Bank shall reimburse [Mr. Broussard] for all costs and expenses, including reasonable attorneys' fees arising from [any controversy or claim arising out of or relating to the Agreement] . . . ***notwithstanding the ultimate outcome thereof*** . . . ." This includes "*any mutual settlement of such issue.*"

37.

As explained above, in order to induce IBERIABANK to mediate this claim, Mr. Broussard agreed to dismiss the Arbitration, reserving all claims asserted therein for judicial disposition in this proceeding.

38.

Among those claims was Mr. Broussard's claim for contractual reimbursement of all costs and expenses incurred litigating claims originally

asserted in the arbitration proceeding, and which are now pending before this Honorable Court. Those claims included, but are not limited to many allegations regarding recruiting, which Mr. Broussard has vehemently denied.

39.

As demonstrated above at paragraph thirty-six, under the Change in Control and Severance Agreement IBERIABANK is contractually obligated to pay all attorneys' fees related to Mr. Broussard's defense of all such claims. Accordingly, Mr. Broussard prays for specific performance under the contract.

[Doc. 43, pp. 10-11 (alterations, emphasis in original)]

The contract referenced above (*i.e.* "Change In Control Severance Agreement") provides in pertinent part as follows:

> [8.] (c) Arbitration. **Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration** in accordance with the rules then in effect of the district office of the American Arbitration Association ("AAA") nearest to the home office of the Bank, and judgment upon the award rendered may be entered in any court having jurisdiction thereof, except to the extent that the parties may otherwise reach a mutual settlement of such issue. The Bank shall incur the cost of all fees and expenses associated with filing a request for arbitration with the AAA, whether such filing is made on behalf of the Bank or the Employee, and the costs and administrative fees associated with employing the arbitrator and related administrative expenses assessed by the AAA. **The Bank shall reimburse Employee for all costs and expenses, including reasonable attorneys' fees, arising from such dispute, proceedings or actions, notwithstanding the ultimate outcome thereof**, following the delivery of the decision of the arbitrator or upon delivery of other legal judgment or settlement of the matter.

[Doc. 59-3, p. 4 (emphasis added)]

## II. Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought." Fed.R.Civ.P. 56(a). "The

court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*Id.* at § (c)(1).

> As summarized by the Fifth Circuit:
>
> > When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

*Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994)(internal citations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994). To the contrary, "[i]n reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence

supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001).

### III. Analysis

#### A. Whether Broussard may seek attorney's fees

According to Iberiabank, the contractual provision upon which Broussard relies only allows reimbursement of attorney's fees "awardable as a consequence of an arbitration proceeding, not a court proceeding." [Doc. 59-2, p. 7] Iberiabank argues if Broussard intended to pursue recovery of costs and attorney's fees incurred in litigation, "he should have obtained an amendment to the CCSA from IBERIABANK . . . to have ¶ 8(c) apply to lawsuits as well as to arbitration proceedings." [Id.] Because nothing in the CCSA allows for reimbursement of attorney's fees incurred in litigation, Iberiabank seeks dismissal of Broussard's claim for attorney's fees. [Id. at 11]

In opposition, Broussard asserts "the parties unconditionally agreed to incorporate into this proceeding all claims which had been made in the arbitration," and therefore "the provision requiring an arbitration was effectively modified." [Doc. 70, p. 7] Broussard argues, "A written amendment to the CCSA was not needed," as contracts "may be modified orally, in writing, and/or by the conduct of the parties, even when the contract contains a provision that change orders must be in writing." [Id. at n. 4 (citing *Lantech Const. Co., LLC v. Speed*, 15 So.3d 289, 293 (La.App. 2009)] Broussard additionally cites the Court to a twenty-five page exhibit, which consists of an assortment of various documents, *but does not cite the Court to the page, or document, upon which he relies.* [Id. at 6] The Court can only therefore presume Broussard is

relying on that portion of a letter dated January 8, 2015, from counsel for Iberiabank to counsel for Broussard, wherein Iberiabank's counsel states in pertinent part:

> This letter confirms our call yesterday, which included our discussion of participating in a mediation of this dispute.
>
> . . . .
>
> As I pledged to do, I have consulted with my client about submitting our clients' disputes to mediation and can confirm that IBERIABANK will agree to participate in mediation with your client. . . . IBERIABANK's agreement to do these things is subject to the following provisions:
>
> 1) The parties will jointly file a motion to dismiss the arbitration . . .; and
>
> 2) **Either party may amend the federal court lawsuit ("Lawsuit") to add claims that may, or may not, be currently asserted either in the Lawsuit or in the Arbitration Proceeding**, and, pursuant to F.R.Civ.P. 15(a)(2), **the other party will consent to such an amendment, reserving all rights to assert defenses, except a defense that the matter, or any issue or claim, is exclusively arbitrable** (which is deemed waived by the dismissal of the AAA proceeding).
>
> Please let me know by Friday, if possible if these terms are acceptable. I'll then prepare the documents envisioned above.

[Doc. 70-2, pp. 21-22 (emphasis added; emphasis in original omitted)] Five days later, Iberiabank's counsel e-mailed counsel for Broussard, asking, "Will you please get back to me on this?" [Id. at 23] The same day, counsel for Broussard responded to the e-mail, stating, "Yes, my client has authorized me to agree. Sorry for the delay. Please set it up and send the documents." [Id.] If the informal letter agreement was ever formalized, that document is not included in the cited exhibit.

Nevertheless, Iberiabank agrees "the parties consented to amend their pleadings in this case to assert the same claims pled in the arbitration." [Doc. 91, p. 3; *see also* Doc. 59-2, p. 5, n.

4] However, Iberiabank argues the claim for attorney's fees asserted in this matter "is vastly expanded (in both scope and amount) from the counterclaim for attorney's fees [Broussard] asserted in the arbitration." [Doc. 91, p. 3] According to Iberiabank, the language of Broussard's counterclaim for attorney's fees before the American Arbitration Association limited the claim to only attorney's fees incurred in the arbitration proceeding. In support of this argument, Iberiabank cites the following language from Broussard's counterclaim before the AAA:

> 4. ***Because IBERIABANK asserted a demand for Arbitration***, DARRYL has sustained damages and ***incurred costs, including reasonable attorneys' fees***, for which he seeks an award of reimbursement from IBERIABANK.
>
> 5. DARRYL also seeks IBERIABANK's advancement of all administrative costs incurred throughout ***this proceeding*** pursuant to the ***clear and unambiguous terms of the Severance Agreement*** and the Bank Arbitration Agreement attached to the IBERIABANK employment agreement.

[Doc. 91, p. 4 (emphasis in original)] Iberiabank concludes, "In sum, the parties consented to incorporate into this proceeding all claims raised in the arbitration, which, for Broussard, only included a claim for reimbursement under the 'clear and unambiguous terms of the Severance Agreement . . .' for the attorney's fees and costs he incurred '[b]ecause IBERIABANK asserted a demand for Arbitration.'" [Doc. 91, p. 4 (alterations in original)]

As set forth above, there is no dispute the parties agreed "to incorporate into this proceeding all claims raised in the arbitration," which included Broussard's particular claim for attorney's fees, *as provided for in the Change In Control Severance Agreement*. Additionally, the evidence submitted to this Court suggests the argued agreement might have been broader than Iberiabank claims, in that the parties appear to have agreed either could "amend the federal court

lawsuit ('Lawsuit') to add claims that may, or *may not*, be currently asserted either in the Lawsuit or in the Arbitration Proceeding. . . ." [Doc. 70-2, p. 22 (emphasis added)] Further, from what has been presented to the Court, it appears the parties additionally agreed to reserve "all rights to assert defenses, *except a defense that the matter, or any issue or claim, is exclusively arbitrable. . . .*" [Id. (emphasis added)] Thus, it would appear the parties might have agreed Broussard could amend his counterclaim in this Court to assert not only those claims asserted in arbitration, but also additional claims not asserted in arbitration.[3] It further appears the parties might have agreed to reserve all defenses, except a defense that an issue or claim is exclusively arbitrable. Accordingly, the Court finds Iberiabank has not shown, as a matter of law, dismissal of Broussard's claim for attorney's fees is warranted on the grounds argued, *i.e.* that attorney's fees can only be "awardable as a consequence of an arbitration proceeding, not a court proceeding." [Doc. 59-2, p. 6]

### B. Whether Broussard's state court lawsuit resulted in a waiver of any arbitration rights

Iberiabank additionally argues because Broussard filed a state court lawsuit seeking to have the arbitration proceeding dismissed, he thereby "waived any right to arbitration, and, by extension, any claim for attorneys' fees." [Doc. 59-2, p. 8; *see also* Doc. 91, pp. 1, 2] In support of this position, Iberiabank relies upon *Sim v. Beauregard Elec. Co-op, Inc.*, 322 So.2d 410, 415 (La.App. 3 Cir. 1975). In *Sim*, the Louisiana Third Circuit Court of Appeal stated as follows:

---

[3] Although not abundantly clear from the briefing in opposition to summary judgment, Broussard's pleadings before this Court and the AAA are clearly limited to reimbursement of attorneys' fees for disputes arising out of the Change in Control and Severance Agreement. [Doc. 43, p. 10] While perhaps the language of the parties' informal agreement would have allowed Broussard to expand his claim for attorney's fees if available by law or contract, no other basis has been argued or pleaded, and thus, at this time, any such expanded claim for attorney's fees likely would be waived.

> The institution of a suit by one party seeking damages for the alleged breach of such a contract is incompatible with a later demand by the same party that the dispute be settled by arbitration. We believe that the filing of such a suit by a party to the contract, without relying on the arbitration provision in that agreement, constitutes a waiver of that party's right to demand arbitration of the dispute.

*Id.* at 415. This Court notes, however, that not mentioned by counsel is the relevant fact that seven years after the *Sim* decision, the Louisiana Supreme Court refined the Third Circuit's holding in *Sim*, stating, "Neither the mere answering of a judicial demand nor the mere delay in filing the demand for arbitration necessarily constitutes a waiver of the right to demand arbitration, especially in the absence of prejudice to the opposing party." *Matthews-McCracken Rutland Corp. v. City of Plaquemine*, 414 So.2d 756, 757 (La. 1982). The Supreme Court explicitly identified the *Sim* case as an "extreme case" warranting the result therein. *Id.* at 757 ("Only in extreme cases have courts found waiver of the right to demand arbitration. . . . In *Sim* . . ., the plaintiff's motion to stay the proceedings in his *own suit* was denied when that party filed the suit in court and waited 33 months before filing its demand for arbitration on the first day of trial.") (Emphasis in original.)

This Court finds that for all the reasons noted above, Iberiabank has failed to show, as a matter of law, that by filing an action in state court, Broussard waived the right to seek reimbursement of attorney's fees and costs in this suit. This is particularly true in this matter, where, for the reasons noted above, it would appear the parties agreed, at the very least, Broussard could amend his counterclaim to assert claims made before the AAA, *i.e.* Broussard's claim for attorney' fees arising out of the CCSA. Accordingly, the Court finds dismissal of Broussard's claim for attorney's fees on the basis argued by Iberiabank is not warranted.

### C. Whether the provision of the CCSA allowing for reimbursement of costs and attorney fees is contrary to public policy

Finally, Iberiabank asserts "the CCSA language that permits Broussard to recover attorney fees in a breach-of-fiduciary-duty case 'notwithstanding the ultimate outcome thereof' is invalid on its face and contrary to law." [Doc. 59-2, p.8] In support, Iberiabank cites this Court to La. R.S. 6:286, entitled "*Indemnification* of officers, directors, employees, and agents" (emphasis added), which sets forth when a Louisiana state bank may *indemnify* its officers, directors and employees "against liability." *Id.* at (A)(1). Iberiabank contends, "read as a whole, the statute clearly uses the term 'indemnification' to also include at least 'reasonable expenses incurred.'" [Doc. 91, p. 5] According to Iberiabank, the statute only permits recovery of attorney fees when an officer is "'wholly successful' in the defense of any proceeding to which he was a party," or when the officer is in "good faith and [meets] other requirements." [Doc. 59-2, pp. 9, 10]

First, whether the statute's prohibition of *indemnification* of certain bank officers includes reimbursement of attorney's fees, or is limited to indemnification only of liability, is not clear to this Court from the cited text or Iberiabank's very weak and flawed argument.[4] Regardless, even were this Court to find the statute applies to reimbursement of attorney's fees, which it declines to opine on at this juncture, it would further have to know whether Broussard will be "wholly successful" in his defense to Iberiabank's claims, and/or whether Broussard "conducted himself in good faith," which this Court cannot know at this juncture. Thus, the Court cannot make such

---

[4]For example, Iberiabank misrepresents and overstates the caselaw and statute to support its position. [*See e.g.* Doc. 59-2, p. 10 (incorrectly stating § 286(H) is "cross-applied to officers in Section 286(F)"); Doc. 91, p. 5 (incorrectly stating "at least one court has interpreted La. R.S. § 6:286 to apply to claims for reimbursement of attorney's fees")]

a factual determination in this Ruling, and further finds the briefing supplied as to La. R.S. 6:286 to be wholly inadequate as well. Therefore, movant has failed to carry its burden to show it is due the relief requested.

### III. Conclusion

In light of the reasons provided above, the motion for summary judgment [Doc. 59] seeking dismissal of Broussard's claim for attorney's fees is DENIED.

THUS DONE AND SIGNED at Lafayette, Louisiana, this ___5___ day of January, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE