RECEIVED

SEP 3 0 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| IBERIABANK | CIVIL ACTION NO. 6:14-CV-2448 |
| v. | JUDGE DOHERTY |
| DARRYL R. BROUSSARD, ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Currently pending before the Court are cross motions for partial summary judgment. [Doc. 112; Doc. 114] Pursuant to the motions, defendant/counter-plaintiff Darryl R. Broussard seeks a judgment finding plaintiff/counter-defendant IBERIABANK is contractually obligated to pay the attorneys' fees Mr. Broussard has incurred in this matter [Doc. 112]; IBERIABANK seeks a judgment dismissing Broussard's counterclaim for attorney's fees. [Doc. 114] For the following reasons, each motion is GRANTED IN PART and DENIED IN PART.

I.  **Factual and Procedural Background**[1]

Iberiabank filed this suit against Darryl R. Broussard, alleging multiple claims arising from Mr. Broussard's actions during his employment with IBERIABANK and its predecessor Teche Federal Bank ("Teche"). Following multiple amendments and supplementations to the pleadings by both parties, the claims currently asserted by IBERIABANK against Broussard are: (1) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, (2) Material Breach of

---

[1] The factual and procedural history of this matter has previously been set forth in greater detail, and will not be repeated in this Ruling. *See e.g.* Doc. 99.

the Change In Control Severance Agreement, (3) Breach of Fiduciary Duties, and (4) Unfair Trade Practices. [Doc. 23; Doc. 107] The counterclaims now asserted by Broussard against IBERIABANK are for: (1) Breach of the Employment Agreement, and (2) Attorneys' Fees. [Doc. 43, Doc. 133]

Pursuant to his counterclaim, Broussard asserts IBERIABANK is obligated to pay his attorneys' fees incurred in defending this matter, pursuant to contractual obligations. [Doc. 43, pp. 10-11] The contract at issue is entitled "Change In Control Severance Agreement" (CCSA), and was entered into by Broussard and Teche on September 30, 2013. IBERIABANK is the successor to Teche following a May 31, 2014 merger of the two banks. IBERIABANK is the successor to all of Teche's rights and obligations as set forth in the CCSA. [Doc. 23, ¶ 11; Doc. 112-2, ¶ 3; Doc. 114-2, ¶ 3]

The provision of the CCSA at issue provides in pertinent part as follows:

> [8.] (c) **Arbitration.** Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration in accordance with the rules then in effect of the district office of the American Arbitration Association ("AAA") nearest to the home office of the Bank, and judgment upon the award rendered may be entered in any court having jurisdiction thereof, except to the extent that the parties may otherwise reach a mutual settlement of such issue. The Bank shall incur the cost of all fees and expenses associated with filing a request for arbitration with the AAA, whether such filing is made on behalf of the Bank or the Employee, and the costs and administrative fees associated with employing the arbitrator and related administrative expenses assessed by the AAA. **The Bank shall reimburse Employee for all costs and expenses, including reasonable attorneys' fees, arising from such dispute, proceedings or actions, notwithstanding the ultimate outcome thereof, following the delivery of the decision of the arbitrator or upon delivery of other legal judgment or settlement of the matter.**

[Doc. 59-3, p. 4 (emphasis added)]

## II. Summary Judgment Standard

"A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought." Fed.R.Civ.P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*

A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

*Id.* at § (c)(1).

As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial. Only when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party" is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

*Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618 (5th Cir.1994)(internal citations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." *Little v. Liquid Air Corp.*, 37

F.3d 1069, 1075 (5th Cir.1994). To the contrary, "[i]n reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001).

### III. Analysis

#### A. Whether the provision of the CCSA allowing for reimbursement of costs and attorney fees is unenforceable

IBERIABANK contends Broussard's claim for attorneys' fees must be dismissed, because it is prohibited by statute, namely La. R.S. 6:286.[2] Louisiana Revised Statute 6:286 addresses indemnification of officers, directors, employees, and agents of state banks. According to IBERIABANK, "Section 286 renders void and unenforceable contractual provisions purporting to grant indemnification on broader terms than those allowed by the statute." [Doc. 114-1, p. 6] IBERIABANK contends the statute only allows recovery of attorneys' fees if Broussard: "(i) conducted himself in good faith; (ii) reasonably believed 'that his conduct was in the bank's best interests'; and (iii) is not 'adjudged liable to' the bank." [Doc. 114-1, p. 7 (citing La. R.S. 6:286(A)] IBERIABANK argues the contractual provision at issue allows indemnification on broader terms than allowed by statute (presumably because the contract allows attorneys' fees, cost and expenses "notwithstanding the ultimate outcome thereof"), and therefore the contractual provision is rendered "void and unenforceable" by the statute. [Id. at 6]

---

[2]La. R.S. 6:286 is reprinted in its entirety as an appendix to this Memorandum Ruling.

At the outset, the Court first notes in one very obvious sense, the contractual provision provides for *narrower* indemnification rights than the statute. Whereas the statute allows, in certain enumerated instances, *full* indemnification - *i.e.* indemnification "against liability incurred in the proceeding," as well as expenses and attorneys' fees, the contract merely allows for *partial* indemnification - *i.e.* reimbursement of costs, expenses and attorneys' fees, but not indemnification against liability. La. R.S. 6:286(A)(1); *see also id.* at § (B); Doc. 114-1, pp. 5-6. Secondly, it is important to note subsections (A) - (E) and (H) address indemnification of "directors" of state banks. Subsection (F) addresses indemnification of officers, employees and agents of state banks.[3] All parties agree Mr. Broussard was not a director of Teche or IBERIABANK.[4] [Doc. 114-1, p. 1; Doc. 122, p. 1]

With regard to *officers and employees* of state banks, such as Mr. Broussard, the statute provides: "Unless limited by a state bank's articles of incorporation: . . . A state bank may . . . indemnify and advance expenses to an officer, employee, or agent who is not a director to the extent, consistent with law, that may be provided by its articles of incorporation, bylaws, general or specific action of its board of directors, or *contract*." La. R.S. 6:286(F)(3)(emphasis added). Stated more simply, within this context, the statute allows a bank to "indemnify and advance expenses" to its officers and employees "to the extent . . . provided by . . . contract." [Id.] Nevertheless, IBERIABANK attempts to impose the more onerous requirements of the statute addressing permissive indemnification of bank *directors* (set forth in section A) upon Mr.

---

[3]Subsection (G) of the statute is the only provision which addresses *both* directors *and* officers, employees and agents.

[4]Broussard was an officer of Teche, and an employee of IBERIABANK; he was not a director of either.

Broussard. While IBERIABANK concedes section A of the statute, the section upon which it relies, "refers only to 'directors,' and not officers," it contends:

> [A] different portion of § 286–§ 286(F)–explicitly makes the statute equally applicable to officers as to directors, "[u]nless . . . a state bank's articles of incorporation" indicate otherwise. La. R.S. 6:286(F). Particularly relevant here, § 286(F) provides that "[t]he state bank may indemnify and advance expenses under this Section to an officer . . . who is not a director to the same extent as to a director." *Id.* § 286(F)(2). This language cannot mean anything other than that § 286's provisions on permissive indemnification with respect to directors apply equally to officers.

[Id. at pp. 4-5, n. 4]

The Court disagrees with IBERIABANK's rather creative reading of the statute, arrived at by entirely omitting any discussion of subsection (F)(3). Section (F) of the statute sets forth when a bank may indemnify bank officers and employees. In its entirety, that section provides as follows:

> F. Unless limited by a state bank's articles of incorporation:
>
> (1) An officer of the state bank who is not a director is entitled to mandatory indemnification under Subsection B and is entitled to apply for court-ordered indemnification under Subsection D in each case to the same extent as to a director;
>
> (2) The state bank may indemnify and advance expenses under this Section to an officer, employee, or agent of the corporation who is not a director to the same extent as to a director; ***and***
>
> (3) *A state bank **may also** indemnify and advance expenses to an officer, employee,* or agent who is not a director to the extent, *consistent with law, that may be provided by* its articles of incorporation, bylaws, general or specific action of its board of directors, or ***contract***.

La. R.S. 6:286(F)(emphasis added). Subsection (F)(1) addresses "mandatory indemnification" - *i.e.* indemnification by *operation of law* - and permits the officer or employee to apply to the

Court for enforcement of his or her right to mandatory indemnification "to the same extent as to a director."[5] Subsection (F)(2) addresses permissive indemnification by *operation of law* - *i.e.* when a bank *may* indemnify an officer[6] - as well as those situations where expenses may be advanced.[7] As with subsection (F)(1), subsection (F)(2) allows for indemnification of the officer or employee "to the same extent as to a director." Subsection (F)(3) addresses permissive indemnification by *operation of contract*. Unlike the sections addressing indemnification by operation of law, subsection (F)(3) (indemnification by operation of contract) does not limit an officer or employees' indemnification rights "to the same extent as to a director."[8] Rather, indemnification is allowed in accordance with the terms of the contract.

---

[5] Mandatory indemnification arises in situations in which a director (or officer or employee) is "wholly successful, on the merits or otherwise, in the defense of any proceeding to which he was a party because he is or was a director of the state bank. . . ." La. R.S. 6:286(B).

[6] Permissive indemnification by operation of law in civil suits arises where a director "conducted himself in good faith" and, when acting in his official capacity, reasonably believed his conduct was in the bank's best interests, or, when not acting in his official capacity, reasonably believed his conduct was not opposed to the bank's best interests. Permissive indemnification by operation of law in criminal suits arises when the director "had no reasonable cause to believe his conduct was unlawful." La. R.S. 6:286(A)(1).

[7] As a general rule, entitlement to indemnification "does not render the indemnitor liable until the indemnitee actually makes payment or sustains loss." *Meloy v. Conoco, Inc.*, 504 So.2d 833, 839 (La. 1987). "Therefore, a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid." *Id.* Subsection (C)(1) of the statute identifies those situations in which indemnity arises by operation of law, and the "state bank may pay for or reimburse the reasonable expenses . . . in advance of final disposition of the proceeding. . . ." La. R.S. 6:286(C)(1).

[8] Subsection (H)(1) addresses indemnification of bank directors by operation of contract. That section provides in pertinent part: "A provision treating a state bank's indemnification of or advance for expenses to *directors* that is contained in its articles, bylaws, a resolution of its stockholders or directors, or in a contract or otherwise *is valid only if and to the extent the provision is consistent with this Section.*" La. R.S. 6:286(H)(1)(emphasis added). Subsection (F)(3) (indemnification of officers by operation of contract) does not contain such limiting language.

Again, when one looks at IBERIABANK's argument, it creatively construes the relevant statutory language, as follows: "§ 286(F)–explicitly makes the statute equally applicable to officers as to directors, '[u]nless . . . a state bank's articles of incorporation' indicate otherwise." [Doc. 114-1, p. 4, n. 4] IBERIABANK's construction ignores that only subsections (1) and (2) contain language limiting indemnification "to the same extent as to a director," and omits discussion of the impact of subsection (3) entirely.[9]

IBERIABANK has not shown that the provision of the CCSA which contractually entitles Broussard to reimbursement of his expenses and attorneys' fees is rendered "void and unenforceable" by La. R.S. 6:286 because it provides *broader* indemnification rights than section A of the statute. [Doc. 114-1, p. 6] Indeed, even section 286, on its face, recognizes circumstances where broader indemnification rights than those set forth in section A are permissible. Specifically, subsection (G) provides:

> A state bank may purchase and maintain insurance on behalf of an individual who is or was a director, officer, employee or agent of the state bank . . . against liability asserted against or incurred by him in that capacity or arising from his status as a director, officer, employee, or agent, *whether or not the state bank*

---

[9]The Court notes IBERIABANK does address subsection (F)(3) in its sur-reply brief, but nevertheless contends subsection (F)(3) "incorporate[s] the same limitations on permissive indemnification as are incorporated into § 286(F)(2). . . ." [Doc. 128, p. 3] The Court disagrees. Subsection (F)(2) allows for permissive indemnification by operation of law to the same extent as a director. Subsection (F)(3) provides "[a] state bank *may also indemnify and advance expenses to an officer*" pursuant to contract. To read subsection (F)(3) as silently containing the limitations set forth for permissive indemnification by operation of law as set forth in (F)(2) would not comport with any canon of statutory construction of which this Court is aware. Had the Louisiana legislature intended to limit an officer or employee's contractual right to indemnification in the same manner as subsections (F)(1) and (F)(2), it would have used limiting language similar to that used in those subsections, or it would have included officers and employees in subsection (H). *See e.g. Cole v. Celotex Corp.*, 599 So.2d 1058, 1064, n. 18 (La. 1992); *Gamble v. Calcasieu Parish School Bd.*, 139 So.2d 39, 42-43 (La.App. 3 Cir. 1962)("The courts are not at liberty to insert words into a legislative expression unless the terms of the statutes are ambiguous.")

> *would have power to indemnify him against the same liability under Subsection A or B.*[10]

La. R.S. 6:286(G). Similarly, the statute contains a separate provision whereby a director may obtain partial indemnification (*i.e.*, indemnification of expenses, but not against liability), even though the statute, generally, would prohibit indemnification entirely. *Id.* at § (D)(2).[11]

In Louisiana, "[p]arties are free to contract for any object that is lawful, possible, and determined or determinable." La. Civ. Code art. 1971. Parties to a contract "have the right and power to construct their own bargains," unless prohibited by public policy. *Louisiana Smoked Products, Inc. v. Savoie's Sausage and Food Products, Inc.*, 696 So.2d 1373, 1380-81 (La. 1997). As IBERIABANK has not shown the provision of its contract requiring it to reimburse Mr. Broussard's costs, expenses, and attorneys' fees is rendered "void and unenforceable" by La. R.S. 6:286, nor has it shown the provision at issue is unlawful or contrary to public policy, the Court denies IBERIABANK's motion to the extent it seeks dismissal of Broussard's claim for attorneys' fees in its entirety.

---

[10] Subsection A addresses permissive and prohibited indemnification of state bank directors by operation of law; subsection B addresses mandatory indemnification of state bank directors by operation of law.

[11] Subsection (D) sets forth the procedure a director is to utilize when seeking to enforce his right to indemnification by order of the court. Subsection (D)(2) provides the court may order indemnification if it determines:

> The director is fairly and reasonably entitled to indemnification in view of all the relevant circumstances, whether or not he met the standard of conduct set forth in Subsection A or was adjudged liable as described in Paragraph A(4), but if he was adjudged so liable, his indemnification is limited to reasonable expenses incurred.

La. R.S. 6:286(D)(2). Thus, even in those situations where section (A)(4) of the statute would normally preclude indemnification ("[a] state bank may not indemnify a director . . ."), a court may order indemnification of reasonable expenses if it determines the director "is fairly and reasonably entitled to indemnification in view of all the relevant circumstances." *Id.*

### B. Scope of the Agreement for Attorneys' Fees

In the alternative, IBERIABANK argues Broussard's claim for attorneys' fees "is limited to the fees Broussard incurred in the now-dismissed arbitration proceeding." [Doc. 114-1, pp. 8-9] Contrarily, Broussard contends the attorneys' fees provision of the CCSA obligates IBERIABANK "to pay Broussard's attorney's fees for any dispute arising out of or related to the CCSA, and regardless of the outcome." [Doc. 112-1, p. 2]

Again, the provision at issue provides:

> [8.] (c) **Arbitration. Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by arbitration** in accordance with the rules then in effect of the district office of the American Arbitration Association ("AAA") nearest to the home office of the Bank, and judgment upon the award rendered may be entered in any court having jurisdiction thereof, except to the extent that the parties may otherwise reach a mutual settlement of such issue. The Bank shall incur the cost of all fees and expenses associated with filing a request for arbitration with the AAA, whether such filing is made on behalf of the Bank or the Employee, and the costs and administrative fees associated with employing the arbitrator and related administrative expenses assessed by the AAA. **The Bank shall reimburse Employee for all costs and expenses, including reasonable attorneys' fees, arising from such dispute, proceedings or actions, notwithstanding the ultimate outcome thereof**, following the delivery of the decision of the arbitrator or upon delivery of other legal judgment or settlement of the matter.

[Doc. 59-3, p. 4 (emphasis added)]

"As a general rule, attorney fees are not allowed except where authorized by statute or contract." *Nassif v. Sunrise Homes, Inc.*, 739 So.2d 183, 185 (La. 1999). Further, "[a] contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed. . . ." *Polozola v. Garlock, Inc.*, 343 So.2d 1000, 1003 (La. 1977). The party seeking to enforce such an agreement bears the burden of proof. *Hall v. Malone*, 971

So.2d 386, 388 (La. App. 4 Cir. 2014); *Carter Logging, LLC v. Flynn*, 7 So.3d 195, 200 (La. App. 2 Cir. 2009); *McNeal v. Wyeth-Scott, Inc.*, 415 So.2d 568, 570 (La. App. 3 Cir. 1982).

Pursuant to the above jurisprudential guidance, the Court finds the contractual provision at issue limits recovery of attorneys' fees to those "arising out of or relating to" the CCSA, *incurred while the matter was in arbitration.* The cause of the contractual provision was to settle any disputes arising out of the CCSA *by arbitration.* La. Civ. Code art. 1967 ("Cause is the reason why a party obligates himself.") In exchange for giving up the right to file a suit in a court of law, Teche (and subsequently, IBERIABANK) agreed to reimburse Broussard's costs, expenses and attorneys' fees, regardless of the outcome. "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties intent." La. Civ. Code art. 2046. In this matter, the parties agreed any dispute related to the CCSA would "be settled by arbitration," and in exchange for Broussard giving up his right to file suit in a court of law, IBERIABANK would reimburse Broussard "for all costs and expenses, including reasonable attorneys' fees" arising from the arbitration proceedings "notwithstanding the ultimate outcome thereof." Accordingly, the Court finds Broussard's recovery of attorneys' fees is limited to those arising out of the CCSA, incurred in the arbitration proceeding.

### III. Conclusion

For the reasons provided above, the motion for partial summary judgment [Doc. 112] filed by defendant/counter-plaintiff Darryl R. Broussard is GRANTED IN PART and DENIED IN PART. The motion is GRANTED to the extent it seeks a judgment awarding Broussard attorneys' fees for controversies or claims arising out of the CCSA, *however, limited to only*

*those incurred while this matter was in arbitration*; the motion is DENIED in all other aspects. The motion for summary judgment [Doc. 114] filed by IBERIABANK is GRANTED IN PART and DENIED IN PART. The motion is DENIED to the extent it seeks a judgment dismissing all of Broussard's claim for attorneys' fees for controversies or claims arising out of the CCSA, specifically noting the motion would include those fees incurred during arbitration; the motion is GRANTED in all other aspects.

THUS DONE AND SIGNED at Lafayette, Louisiana, this ___30___ day of September, 2016.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE