RECEIVED

MAR 16 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| IBERIABANK | CIVIL ACTION NO. 6:14-CV-2448 |
| v. | JUDGE DOHERTY |
| DARRYL R. BROUSSARD, ET AL. | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING & ORDER**

Currently pending before the Court is a motion for reconsideration filed by Darryl Broussard. [Doc. 145] Pursuant to the motion, Broussard moves this Court "to reconsider its Order limiting Broussard's counterclaim for attorney's fees to only those fees incurred by Broussard during the arbitration proceeding." [Id. at 1] For the following reasons, the motion is DENIED.

In support of his position, Mr. Broussard relies upon certain letters exchanged between counsel in early January 2015, which Mr. Broussard contends amended the scope of the Change In Control Severance Agreement ("CCSA"), thereby allowing for recovery of all of Broussard's attorney's fees incurred in defending this matter, as opposed to only allowing recovery of Broussard's attorney's fees incurred in arbitration.[1] In the letter exchange, counsel for

[1]As discussed in the Court's prior Rulings on this issue, Broussard's relationship with IBERIABANK was governed by two separate contracts: the CCSA Broussard entered into with Teche prior to the merger, and the Employment Agreement Broussard entered into with IBERIABANK. The CCSA contains a provision requiring arbitration of disputes arising out of the CCSA and requiring IBERIABANK to reimburse Broussard for attorneys' fees incurred in such arbitration. The Employment Agreement also contains a clause requiring arbitration of disputes arising out of the Employment Agreement, but it does not contain any provision obligating IBERIABANK to reimburse Broussard's

IBERIABANK wrote to counsel for Broussard and proposed an "Amendment of the Employment Agreement" under which, in exchange for the parties' jointly moving to dismiss the arbitration, they would agree that, in spite of any contrary arbitration clause, they could assert their claims and defenses against one another in federal court. Counsel for IBERIABANK concluded his letter by stating if the proposed terms were acceptable, he would "then prepare the documents envisioned above." [Doc. 70-2, p. 22] Five days later, counsel for Broussard responded, "Yes, my client has authorized me to agree. . . . Please set it up and send the documents." [Id. at 23] Thereafter, IBERIABANK's counsel prepared a written "Amendment to Employment Agreement" [Doc. 61, p. 16], which was executed on January 16, 2015. The "Amendment to Employment Agreement" affected only the Employment Agreement and not the CCSA. [Id.] The subsequent written amendment, and not the letter exchange, is the operative obligation between the parties. *See* La. Civ. Code art. 1947 ("When, in the absence of a legal requirement, the parties have contemplated a certain form, it is presumed that they do not intend to be bound until the contract is executed in that form.") As the "Amendment to Employment Agreement" in no manner changed the CCSA's attorney's fees provision, the Court finds reconsideration of its prior Ruling to be unwarranted.

In light of the foregoing, Broussard's motion for reconsideration [Doc. 145] is DENIED.

THUS DONE AND SIGNED at Lafayette, Louisiana, this 16th day of March, 2017.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

attorney's fees.